PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2002 Ford F150 struck a hole as he was driving at the W.Va. Route 41 and W.Va. Route 55 junction in Calvin, Nicholas County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:30 p.m. on January 23, 2006. Claimant was driving to a wake service near Cowen at between twenty-five and thirty miles per hour when his vehicle struck a hole in the road. The hole was situated in a curve and extended into the shoulder of the roadway. Claimant did not see the hole before his vehicle struck it because it was dark and raining, and the hole was filled with water. He stated that there was a low spot in this particular area, and the rain could have caused the hole to form. Claimant, who resides in Northport, Florida, had not noticed the hole on a prior occasion. As a result of this incident, claimant’s vehicle sustained damage to its rim in the amount of $259.99. Since claimant’s insurance deductible at the time of the incident was $250.00, his recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition at the W.Va. Route 41 and W.Va. Route 55 junction. John Jarrell, Highway Administrator for respondent in Nicholas County, testified that he is familiar *192 with the area involved in this claim. Mr. Jarrell stated W.Va. Route 41 is the main artery from Craigsville, Richwood, and Webster County to Summersville. Since this particular portion of W.Va. Route 41 is narrow, trucks have a tendency to drive partially on the berm of the road causing the shoulder to erode in this area. Mr. Jarrell testified that respondent had received calls regarding the condition of the road during the fall, but respondent’s main priority during the winter is snow removal and ice control. Mr. Jarrell stated that respondent maintains the shoulder of the road at this location at least twice a year.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $250.00.
Award of $250.00.